**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-6935

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DANIEL WATLINGTON, a/k/a Gator Slim,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (5:05-cr-00004-F)

Submitted: January 9, 2008        Decided: January 30, 2008

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Daniel Watlington, Appellant Pro Se. S. Katherine Burnette, Assistant United States Attorney, Joshua B. Royster, UNITED STATES DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Watlington appeals the district court's orders denying his claim that certain trust assets were exempt from attachment and granting a writ of execution for the United States to satisfy the restitution judgment by levying the property in the trust. For the reasons that follow, we affirm the orders of the district court.

Watlington was convicted of several charges relating to wire and bank fraud. The district court issued an injunction freezing Watlington's assets in anticipation of a restitution order, including assets held in the name, "Pallie Trust." The district court ordered Watlington to pay $3,921,809.51 in restitution to his victims. Watlington requested an exemption for the Pallie Trust, claiming he was only a trustee on the account. The United States responded that Watlington set up the trust to hide his assets, and it could reach the trust property because Watlington was the sole grantor and the trust was revocable.

The district court denied Watlington's request for an exemption from attachment of the assets held in trust. In its collection efforts, the United States applied for and received a writ of execution for the property held by the Pallie Trust.

Watlington argues on appeal that the district court erred by allowing the United States access to the property in the Pallie Trust to satisfy his restitution judgment. He contends the United

States was time-barred from challenging the validity of the trust and the United States "failed to provide any material facts or evidence which would demonstrate that [he] is not an arms length General Manager of Pallie Trust."

Watlington contends various statutes of limitations apply to the Pallie Trust to prevent the United States from attacking the trust's validity. While he relies on North Carolina's statute of limitations of three years for contract and civil fraud actions, this statute does not apply to his case as the United States did not bring a contract or civil fraud action against him. See N.C.G.S. § 1-52 (2005). Watlington additionally relies on the state statute prohibiting the commencement of judicial proceedings to contest the validity of a trust that was revocable at the settlor's death any later than three years after the settlor's death. See N.C.G.S. § 36C-6-604 (2005). This statute likewise does not apply because Watlington, the settlor of the trust, remains living.

When the powers retained by the grantor effectively amount to ownership of the trust estate, the grantor fails to create a valid trust. 76 Am. Jur. 2d Trusts § 24 (2007). The documents provided by the United States indicated that Watlington and Karen Battershell were the two trustees of the Pallie Trust and that the trust was revocable. As a trustee, Watlington was responsible for administering the property of the trust. As the

sole grantor of a revocable trust, Watlington had the power to recall the trust at any time and effectively retained ownership of the trust estate.  Under these facts, the assets in the Pallie Trust were properly subject to attachment to satisfy Watlington's restitution obligations.

Accordingly, we affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED